UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| DARLENE AND SALVATORE DRAGOTTA, | ) ) | CASE NO. 18-01415 |
| DEBTORS. | ) | HON. JACQUELINE P. COX |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **May 21, 2019, at 9:30 a.m.,** I shall appear before the Honorable Jacqueline P. Cox, Bankruptcy Judge, in Courtroom 680, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois or before any other Bankruptcy Judge who may be sitting in her place and shall present the U.S. Trustee's **Motion For Order Reopening Chapter 7 Case And Authorizing The Appointment Of A Chapter 7 Trustee,** a copy of which is attached and served on you.

/s/ *Adam G. Brief*
Adam G. Brief, Assistant U.S. Trustee
United States Department of Justice
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, Illinois  60604
Telephone: (312) 886-2805

## CERTIFICATE OF SERVICE

I, Adam G. Brief, an attorney, state that on May 13, 2019, pursuant to Local Rule 9013-1(D) the above **Notice of Motion** and **Motion For Order Reopening Chapter 7 Case And Authorizing The Appointment Of A Chapter 7 Trustee** were filed and served on all parties, either via the Court's Electronic Notice for Registrants or via First Class Mail, as indicated on the service list below.

/s/ *Adam G. Brief*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

| | |
|---|---|
| Barry A. Chatz: | barry.chatz@saul.com, jurate.medziak@saul.com; irsiabc@aol.com;IL98@ecfcbis.com |
| Patrick S. Layng: | USTPRegion11.ES.ECF@usdoj.gov |
| Tom Makedonski: | info@teamlegalchicago.com, teamlegalbk@gmail.com; makedon.tom@gmail.com |

**Parties Served via First Class Mail:**

Darlene Dragotta
Salvatore Dragotta
9657 W. River Street, Apt. 2
Schiller Park, IL 60176

Atlas Acquisitions LLC
294 Union St.
Hackensack, NJ 07601

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| DARLENE AND SALVATORE DRAGOTTA, | ) ) | CASE NO. 18-01415 |
| DEBTORS. | ) | HON. JACQUELINE P. COX |

**MOTION FOR ORDER REOPENING CHAPTER 7 CASE AND
AUTHORIZING THE APPOINTMENT OF A CHAPTER 7 TRUSTEE**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Adam G. Brief, hereby request this court enter an order reopening this case and authorizing the United States Trustee to appoint a Chapter 7 trustee, pursuant to Section 350(b) of the Bankruptcy Code and Bankruptcy Rule 5010. In support of his motion, the U.S. Trustee respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction to hear and determine this proceeding under 28 U.S.C. § 157(b)(2) and IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a). The U.S. Trustee has standing to bring this Motion under 11 U.S.C. § 307.

**BACKGROUND**

3. On January 17, 2018, Darlene and Salvatore Dragotta (the "Debtors"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4.  Barry Chatz (the "Trustee") was appointed and served as the Chapter 7 Trustee. On February 21, 2018, the Trustee filed a no-asset report.

5.  On March 22, 2018 the Court filed a Notice of Required Document(s) for Discharge (the "NRD"). That same day, the Court also filed a Certificate of Notice on the NRD.

6.  Subsequently, the Court closed the Debtors case on April 24, 2018 without discharge due to the fact the Debtors failed to file Official Form 423, Certification About a Financial Management Course.

7.  On April 15, 2019, after the closing of the case, the U.S. Trustee was contacted regarding possible attorney misconduct in the bankruptcy case that warrants investigation and potential motion practice.

## ARGUMENT

8.  Section 350 of the Bankruptcy Code provides as follows:

    (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
    (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

9.  Fed. R. Bank. P. 5010 implements 11 U.S.C. § 350(b). Rule 5010 makes it clear that, on reopening, a trustee is not required to be appointed. Rule 5010 states as follows:

    A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

10. Based on the above, the Court should reopen the bankruptcy case to allow the U.S. Trustee to investigate and to take whatever subsequent action the U.S. Trustee deems necessary.

WHEREFORE, the U.S. Trustee respectfully asks the Court to enter an order reopening this case and authorizing the U.S. Trustee to appoint a Chapter 7 trustee to represent the estate if necessary, and, for such other and further relief as this Court deems appropriate.

          RESPECTFULLY SUBMITTED:

          PATRICK S. LAYNG
          UNITED STATES TRUSTEE

DATED: May 13, 2019      By: */s/ Adam G. Brief*
          Adam G. Brief, Assistant U.S. Trustee
          United States Department of Justice
          Office of the United States Trustee
          219 South Dearborn, Room 873
          Chicago, Illinois  60604
          Telephone: (312) 886-2805